IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE CREELGROUP, a Nebraska corporation, <br><br> Plaintiff, <br><br> v. <br><br> GEOFF BRIEDEN, a Michigan resident, <br><br> Defendant. | 8:08CV512 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's appeal, Filing No. 15, of the magistrate judge's order, Filing No. 14, granting defendant Geoff Brieden's Motion to Change Venue, Filing No. 4, which the defendant filed pursuant to 28 U.S.C. § 1404(a). In his order, Magistrate Judge Thomas D. Thalken found that the "balance of interests weighs heavily in favor of transferring the instant action to the Eastern District of Michigan." Filing No. 14 at 5. Plaintiff asserts that the magistrate judge's order is clearly erroneous and contrary to law.

This action arises from a former employment relationship between the two parties. The plaintiff asserts a claim for breach of duty of loyalty (Count I), tortious interference with a business expectancy (Count II), and common law misappropriation of trade secrets and violation of Neb. Rev. Stat. §§ 87-501 to 87-507 (Trade Secrets Act) (Count III). *See* Filing No. 1. The plaintiff also seeks injunctive relief (Count IV). *See* Filing No. 1.

On review of a decision of the magistrate judge on a pretrial matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a)*; In re Lane,* 801 F.2d

1040, 1042 (8th Cir. 1986). The court, however, has reviewed the record, the magistrate judge's order, and the parties' briefs, and finds that the magistrate judge's order is not clearly erroneous or contrary to law. In reviewing the defendant's Motion to Change Venue, the magistrate judge gave significant consideration to the factors the Eighth Circuit set forth in *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). *See* Filing No. 14 at 4 (considering "'(1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.'") (quoting *Terra*, 119 F.3d at 696). The magistrate judge based his decision on several findings, specifically that the events giving rise to the cause of action occurred in Michigan, the defendant resides in Michigan, the critical witnesses reside in Michigan, and the fact that the relevant evidentiary documents are located primarily in Michigan.

While the plaintiff disputes the magistrate judge's determination that the balance of interests weighs in favor of a transfer to the Eastern District of Michigan, the plaintiff has not shown that the magistrate judge's findings are clearly erroneous or contrary to law. After a careful review of the record, the court adopts the findings and conclusions of the magistrate judge in this case. Accordingly,

IT IS ORDERED:

1. The order of the magistrate judge, Filing No. 14, is adopted in its entirety.

2. Plaintiff's appeal, Filing No. 15, of the order of the magistrate judge is dismissed.

3. Plaintiff's Motion to Stay, Filing No. 17, is denied as moot.

4.  This case is transferred to the United States District Court, Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).

DATED this 18th day of May, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge